UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

EMERSON C. HAMMER,

        Plaintiff,

vs.                      Case No. 2:05-cv-375-FtM-29DNF

EARL MORELAND, State Attorney,

        Defendant.
_____/

**ORDER OF TRANSFER**

This matter comes before the Court upon initial review of the file. Plaintiff, who is currently incarcerated at Moorehaven Correctional Facility, filed a civil rights complaint pursuant to 42 U.S.C. §1983 (Doc. #1) on August 8, 2005. Plaintiff names as the sole defendant, Earl Moreland, State Attorney for Sarasota County. Plaintiff alleges that he was illegally imprisoned for two years and seeks compensation for "each day that [Plaintiff] was incarcerated." Complaint, page 5-6. It appears that Plaintiff is attempting to articulate a malicious prosecution claim. According to the Complaint, Plaintiff apparently prevailed on a Rule 3.850 Motion in connection with the sentence he alleges was illegal and was released on August 5, 2003[1]. It is unclear whether Plaintiff can sustain his burden to prevail on his malicious prosecution claim as set forth in Heck v. Humphrey, 512 U.S. 477 (1994) and

---

[1] According to the Florida Department of Corrections Offender Network, Plaintiff was released from custody on 8/7/03. On 6/1/05, Plaintiff was sentenced for various offenses committed on 10/1/03, 10/27/04, 3/5/05 and 6/28/04 and placed back into custody on 7/7/05. Http://www/dc.state/fl.us/ActiveInmates.

Albright v. Oliver, 510 U.S. 266 (1994). Additionally, the Court recognizes that "prosecutors are also entitled to absolute immunity from damages for acts or omissions associated with the judicial process, in particular, those taken in initiating a prosecution and in presenting the government's case." Bolin v. Story, 225 F.3d 1234, 1242 (11th Cir. 2000), (per curiam) (citing Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976), Jones v. Cannon, 174 F.3d 1271, 1281 (11th Cir.1999), Fullman v. Graddick, 739 F.2d 553, 558-59 (11th Cir.1984)); see also Mastroianni v. Bowers, 173 F.3d 1363, 1366 (11th Cir. 1999) (quoting Buckley v. Fitzsimmons, 509 U.S. 259, 273, (1993)). Nonetheless, because it is clear that Plaintiff's claims stem from his conviction in Sarasota County, this Court will transfer this action to the Tampa Division for further analysis and review.

Accordingly, pursuant to 28 U.S.C. § 1404(a) and §1406(a), and Local Rule 1.02(c) this case is **transferred** to the Tampa Division of this Court for all further proceedings, and the **Clerk of Court** shall immediately forward the file to that Division and close the file.

**DONE AND ORDERED** in Fort Myers, Florida, on this __16th__ day of August, 2005.

SA: hmk
Copies: All Parties of Record

JOHN E. STEELE
United States District Judge